IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v().                                                              Case No.  21-10083-3-JWB

CHRISTINA BAILEY,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to reduce sentence. (Doc. 81.) The motion is fully briefed and ripe for decision.[1] (Doc. 83.) The motion is DENIED for the reasons stated herein.

**I.   Facts and Procedural History**

On November 2, 2021, Defendant was charged by way of indictment with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. 1.) On July 26, 2022, Defendant pleaded guilty to count one of the superseding information charging her with a violation of § 841(a)(1). (Doc. 62.) Under the Rule 11(c)(1)(C) plea agreement, the parties proposed a sentence within the range of 60 to 84 months. (*Id.* at 2.) A presentence report ("PSR") was prepared. (Doc. 68.) Defendant's total offense level was calculated at 23. (*Id.* at 9–10.) Defendant's criminal history score was calculated at 15. (*Id.* ¶ 70.) In determining this score, 13 points were calculated based on her prior criminal convictions. (*Id.* ¶ 68.) An additional 2 points were added pursuant to U.S.S.G. § 4A1.1(d) because Defendant

---

[1] Defendant has not filed a reply and the time for doing so has now passed.

committed this offense while under a criminal justice sentence. (Doc. 68 ¶ 69.) The total criminal history score of 15 resulted in a criminal history category of VI. Defendant's calculated sentencing guideline range was 92 to 115 months based on her criminal history category and total offense level. (*Id.* ¶ 115.) On October 20, 2022, Defendant was sentenced to 68 months. (Doc. 71.)

Defendant now moves for a sentence reduction due to an amendment to the sentencing guidelines. (Doc. 81.)

**II.     Analysis**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points." *See* United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 12, 2024).

Defendant's motion is not clear on her precise arguments regarding the effect of the amendment. She checked the box indicating that her motion was based on her receipt of status points for being under a criminal justice sentence at the time of her offense. Liberally construed, she asserts that her criminal history points under the new amendment would have an impact on her guidelines range. At the time of sentencing, her criminal history was a category VI based on her total criminal history score of 15. Defendant's criminal convictions resulted in a subtotal criminal history score of 13. That score is unchanged with the amendment. Defendant was then assessed

two additional criminal history points (or "status points") because she committed the instant offense while under a criminal justice sentence in a prior case. Under the amendment, Defendant would receive a one-point increase instead of a two-point increase. *See* § 4A1.1(e). As a result, her criminal history score would be 14. A criminal history score of 14 still results in a criminal history category of VI. Therefore, she has not demonstrated that a change in the Sentencing Guidelines had an impact on her Guidelines range. Further, Defendant was not sentenced under the guidelines but was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement.

**III.     Conclusion**

Defendant's motion for a sentence reduction (Doc. 81) under § 3582(c)(2) on the basis that there is a change in the Sentencing Guidelines is DENIED.

IT IS SO ORDERED. Dated this 14th day of February, 2024.

                                                          s/ John W. Broomes
                                                         JOHN W. BROOMES
                                                         UNITED STATES DISTRICT JUDGE